IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON TERRELL FLOWERS, #303571, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:20-CV-98-WHA |
| ) | |
| BRIAN McCLENDON, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Leon Terrell Flowers, a state inmate incarcerated at the Kilby Correctional Facility. Flowers names Brian McClendon, an officer with the Troy Police Department, and Jon Folmar, an Assistant District Attorney, as defendants. In the complaint, Flowers alleges that defendant McClendon perjured himself at Flowers' August 16, 2019 preliminary hearing for capital murder when he provided false information regarding a statement given to police by Flowers. Doc. 1 at 3. Flowers further complains that defendant Folmar allowed McClendon to give the perjured testimony. Doc. 1 at 3.[1] Flowers requests declaratory and injunctive relief. Doc. 1 at 4.

---

[1] Flowers states that he is currently awaiting trial on charges of capital murder on which the preliminary hearing was conducted. Doc. 1 at 2.

Upon thorough review of the complaint and under applicable federal law, the undersigned finds that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). [2]

## II. DISCUSSION

Flowers alleges that the defendants submitted perjured testimony at his preliminary hearing to support the criminal charge of capital murder pending against him before the state courts of Pike County, Alabama. A ruling in favor of Flowers on the admissibility of this evidence could adversely impact the State's criminal prosecution of Flowers.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin or hinder a criminal prosecution against them in state court. 401 U.S. at 44–45. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008) (citing *Younger*, 401 U.S. at 37). *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. 401 U.S. at 43–45. "In order to

---

[2] This court granted Flowers leave to proceed *in forma pauperis* in this cause of action. Doc. 3. Regardless of the requirement that Flowers pay an initial partial filing fee, the court remains obligated to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

2

decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when state judicial proceedings are pending, the proceedings implicate important state interests and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

Each of the requisite elements for *Younger* abstention are present in this case. First, Flowers is awaiting trial on criminal charges before a state court. Secondly, enforcement of the law is an important state interest. Finally, Flowers may raise his challenge to the validity of the evidence in the pending state court proceedings and, if unsuccessful before the trial court and upon conviction, on direct appeal before the state appellate courts. However, exceptions to *Younger* abstention include situations where (1) irreparable injury as a result of the prosecution is both "great and immediate"; (2) the state law at issue flagrantly and patently violates the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*).

In this case, Flowers has failed to allege any facts which warrant application of the exceptions to *Younger* abstention as his claims challenging the validity of the evidence do

not assert the type of bad faith or harassment that would justify the relief attendant to this claim — exclusion of the challenged evidence from his pending state criminal cases. Additionally, the mere fact that Flowers must defend himself in state criminal proceedings fails to demonstrate irreparable harm.  *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term.").  Consequently, Flowers' challenge to the veracity of evidence in his pending criminal case is due to be summarily dismissed since equity, comity and federalism concerns require the court to abstain from considering such claim.

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. The plaintiff's complaint challenging the perjurious nature of the evidence in his pending state criminal case be summarily dismissed as this court must abstain from considering this challenge in accordance with the *Younger* abstention doctrine.

2. This case be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) as the complaint provides no basis for relief at this time.

On or before **March 16, 2020**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects.  Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of March, 2020.

                                   /s/ Charles S. Coody
                                   UNITED STATES MAGISTRATE JUDGE